UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ADEL YAZIDI                        )
                                   )
            Plaintiff,             )
    vs.                            )   No. 1:08-cv-1010-SEB-TAB
                                   )
OFFICER HOUGHTON, et al.,          )
                                   )
            Defendants.            )

**Entry Discussing Motion for Summary Judgment**

Plaintiff Adel Yazidi brings this lawsuit pursuant to 42 U.S.C. § 1983, alleging that the defendants, Correctional Officers Houghton, Long, Rogers, and Sergeant Clark, violated his First and Fourteenth Amendment rights.[1]

Having considered the pleadings, the defendants' motion for summary judgment, and the materials relating to the motion for summary judgment, and being duly advised, the court finds that the motion for summary judgment must be **granted.**

**Summary Judgment Standard**

The question presented by the motion for summary judgment is whether, based on the evidence of record, there is any material dispute of fact that requires a trial. *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir. 2003). The motion for summary judgment, as with any such motion, must be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c)) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)).

A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

---

[1] His claim that the defendants violated his rights under the Indiana Constitution has previously been resolved, as have the claim that the defendants deprived him of a religious diet during Ramadan and the claims which did not survive the screening required by 28 U.S.C. § 1915A(b).

The role of Rule 56 is to "enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). Even if no genuine issue of material fact is present, summary judgment is not appropriate unless the governing law supports the moving party's position. Fed.R.Civ.P. 56(c)) (requiring the moving party to show that it "is entitled to judgment as a matter of law"); *see also Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989) ("The presence of a genuine issue of fact is predicated on the existence of a legal theory which can be considered viable under the nonmoving party's version of the facts. The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under prevailing law.").

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.,* 477 U.S. at 323. "'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

In addressing the motion for summary judgment, the court must "construe all facts in a light most favorable to . . . the party opposing summary judgment, and . . . draw all reasonable inferences in his favor." *McGreal v. Ostrov,* 368 F.3d 657, 672 (7th Cir. 2004) (citation omitted). "'In the light most favorable' simply means that summary judgment is not appropriate if the court must make 'a choice of inferences.'" *Draghi v. County of Cook,* 184 F.3d 689, 691 (7th Cir. 1999) (quoting *Smith v. Severn,* 129 F.3d 419, 425 (7th Cir. 1997)). Thus, the factual recitations presented in this Entry are not necessarily objectively true, but are presented in the light reasonably most favorable to Yazidi as the non-moving party. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

## Discussion

Yazidi's claims remaining for resolution are asserted pursuant to 42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)).

### Use of Derogatory Language

Yazidi alleges that Houghton and Long used derogatory language toward him.[2] He states that Houghton and Long called him racially derogatory names and directed offensive remarks regarding his religion to him. Yazidi states that these remarks "put [him] in fear to practice [his] religion."

Officers Houghton and Long called Yazidi pejorative names relating to his ethnicity. Yazidi argues that this derogatory language resulted in defamation and emotional harm.

"[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). It is at this point where Yazidi's claim fails, because "[t]he use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (citing *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987); *Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999)). Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws. *Id.* To the extent that Yazidi claims that he has suffered emotional harm as a result of the alleged statements, "it is settled that emotional damage by verbal harassment does not amount to infringement of a constitutional right, and thus is not actionable under Section 1983." *Shabazz v. Cole*, 69 F.Supp.2d 177 (D.Mass. 1999) (citing *Duran v. Duval*, 1998 WL 765726 at * 3 (D.Mass. Oct. 28, 1998)).

No action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983).

For the reasons explained above, no constitutional right is implicated by the conduct (statements) attributed to Officers Houghton and Long through their use of pejorative names relating to Yazidi's ethnicity. This shows that the motion for summary judgment must be granted as to this claim, because "[i]f the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996), *cert. denied*, 519 U.S. 1115 (1997).

### Retaliation

Yazidi also alleges that Sergeant Clark ordered Yazidi taken from prayer time to be shaken down and strip searched in retaliation for his filing complaints about other correctional officers and that Rogers confiscated his ID card for retaliatory reasons.

---

2He also presents evidence stating that a number of other correctional officers used derogatory language toward him, but those officers are not defendants in this action.

To prevail on his § 1983 claim of First Amendment retaliation, Yazidi must prove that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future"; and (3) a causal connection between the two. *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir.2009) (citation omitted). The element of causation is negated where the allegedly retaliatory action would have happened regardless of the defendant's motives. *Mt. Healthy City School District Board of Educ. v. Doyle,* 429 U.S. 274 (1976).

As to the first of these elements, a prisoner is entitled to use grievance procedures without fear of recrimination, and if a prison official retaliates, he violates the inmate's First Amendment rights. *Hoskins v. Lenear,* 395 F.3d 372, 375 (7th Cir. 2005); *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996). The defendants do not, moreover, challenge the second element–that being shaken down would deter an individual from filing grievances.

The dispute in this instance centers on the third element–the causal connection between the defendants' retaliatory animus and Yazidi's subsequent injury. *Hartman v. Moore,* 547 U.S. 250, 259 (2006). The requisite causation must be but-for causation, without which the adverse action would not have been taken. Upon a *prima facie* case of retaliatory harm, the burden shifts to the defendant official to demonstrate that even without the impetus to retaliate he would have taken the action complained of. *Id.* at 260; *Wilkie v. Robbins,* 551 U.S. 537, 560 & n.10 (2007) (rejecting argument that an ill motive alone supports a retaliation claim; "proof that the action was independently justified on grounds other than the improper one defeats the claim."). The Seventh Circuit has explained "that even if a defendant was 'brimming over with unconstitutional wrath' against a § 1983 plaintiff, that plaintiff cannot prevail unless he or she establishes that the challenged action would not have occurred 'but for' the constitutionally protected conduct." *Abrams v. Walker,* 307 F.3d 650, 654 (7th Cir. 2002) (citing *Button v. Harden,* 814 F.2d 382, 383 (7th Cir. 1987)).

The parties disagree as to certain facts of the retaliation claim, but these disputes are not dispositive in light of the "but for" causation requirement. That is, Sergeant Clark and Officer Rogers have shown without contradiction that they would have taken the challenged actions–a shake down, a search, and the confiscation of Yazidi's inmate ID card–as a matter of routine administrative and security measures within the prison, wholly apart from any retaliatory motive. If there is a finding that retaliation was not the "but for" cause of the action complained of, the claim fails for lack of causal connection between unconstitutional motive and resulting harm, despite proof of some retaliatory animus in the official's mind. *Harman,* 547 U.S. at 259. Yazidi has not shown that his use of the grievance process was the "but for" cause of any of the defendants' conduct toward or decisions affecting him. On the contrary, claims such as those presented in this case must be considered in light of the special environment of a prison, where administrators "must be accorded wide-ranging deference in the . . . execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Pardo v. Hosier,* 946 F.2d 1278, 1280-81 (7th Cir. 1991) (internal quotations omitted).

The necessary element of causation is absent as to Yazidi's claim of retaliation, and the defendants against whom the claim is asserted are entitled to the entry of summary judgment as to such claim.

## Conclusion

"Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government." *Turner v. Safley,* 482 U.S. 78, 84-85 (1987). Nonetheless, "prison walls do not form a barrier separating prison inmates from the protections of the Constitution." *Id.* at 84. In the midst of a complex and tumultuous environment such as a prison, "[f]ederal courts must take cognizance of the valid constitutional claims of prison inmates." *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996)(quoting *Turner,* 482 U.S. at 84). Despite this, no viable claim of that nature has been presented by Yazidi in this case. It has been explained that "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial." *Crawford-El v. Britton,* 118 S. Ct. 1584, 1598 (1998). This is a vital role in the management of court dockets, in the delivery of justice to individual litigants, and in meeting society's expectations that a system of justice operate efficiently. For the reasons explained in this Entry, therefore, the defendants' motion for summary judgment (dkt 34) is **granted**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/05/2010

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana